**UNITED STATES of America,**
**Appellee,**

v.

**Eldred Mansou FORNAH, Appellant.**

**No. 04–3079.**

United States Court of Appeals,
District of Columbia Circuit.

March 1, 2005.

**5**

Roy Wallace McLeese, III, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Steven J. Durham, Patricia Ann Heffernan, U.S. Attorney's Office, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Andrew Grosso, Law Office of Andrew Grosso, Washington, DC, for Defendant–Appellant.

Before TATEL, GARLAND, and ROBERTS, Circuit Judges.

*JUDGMENT*

Upon consideration of the record from the United States District Court for the District of Columbia and the parties' briefs and arguments, it is

ORDERED and ADJUDGED that the judgment of conviction be affirmed, and the case be remanded for resentencing pursuant to the joint motion of the parties.

Eldred M. "E.J." Fornah, a former paralegal specialist at the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), appeals his conviction for receipt of a bribe in violation of 18 U.S.C. § 201(b)(2)(A). At DCRA, Fornah worked in the corporations division, where he reviewed, and had the authority to grant, applications to register corporations in D.C. Fornah also sometimes worked in the evenings at the American Immigration Agency ("AIA"), a business operated by a friend, John Bisong, who was convicted in a separate trial for running large-scale immigration and bank fraud schemes. According to the indictment pursuant to which Fornah was convicted, he accepted a $1500 check from Bisong on March 5, 2001, and in exchange the next day registered seven corporations for Bisong—corporations Bisong used in his immigration fraud scheme—without collecting the corresponding $3,215 in filing fees.

Fornah challenges the admission of government exhibit 4(e), a file folder containing immigration forms in the name of "Patricia Henry" and bearing the handwritten notation "E.J.'s Girlfriend" on the outside cover. According to Fornah, "the Government failed to ... establish that [exhibit 4(e)] ... fell within an exception to the hearsay rule." Appellant's Br. at 18. Though we agree that the district court should have excluded the folder, *see* Fed.R.Evid. 801; Fed.R.Evid. 802, the error was harmless, as Fornah himself testified that Henry was his girlfriend and that she applied to adjust her immigration status through AIA. Absent prejudice, erroneous admission of an exhibit cannot form

a basis for reversing Fornah's conviction. *See* Fed R.Crim. P. 52(a).

Challenging the district court's admission of a summary chart, government exhibit 29, Fornah argues that "the Government provided no authentication [for it] and no foundation as a business or public record." Appellant's Br. at 13 (emphasis omitted). As Fornah's sole objection to this chart during the trial was that it "includes conclusions that are based on items that are not in evidence," our review is for plain error. Fed.R.Crim.P. 52(b). Fornah's argument fails under this standard because he can show no prejudice. Testimony from two witnesses, former Bisong employee Maria Sebastian and government investigator Diane Eickman, amply demonstrated the fact the chart was used to prove—that the companies Fornah registered for Bisong were shell companies.

According to Fornah, the district court erred in admitting another summary chart, government exhibit 31. As he first raised this argument in the reply brief, it is waived. *Power Co. of Am. v. FERC,* 245 F.3d 839, 845 (D.C.Cir.2001).

■ Fornah contends that the district court improperly failed to strike prejudicial surplusage in the indictment. The district court may grant a motion to strike surplusage "only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Rezaq,* 134 F.3d 1121, 1134 (D.C.Cir.1998) (quoting 1 Charles Alan Wright, Federal Practice and Procedure § 127, at 426 (1982)). The allegations Fornah complains of, which describe Bisong's immigration fraud scheme, his use of shell companies to advance it, and Fornah's peripheral connection to it, do seem both prejudicial—as they suggest Fornah's involvement in immigration fraud—and largely unrelated to anything Fornah did. Nonetheless, the government rightly

points out that these facts make it more likely Fornah knowingly waived Bisong's fees in exchange for receiving the check. Consequently, we cannot say that the district court abused its discretion by failing to strike the alleged surplusage. *See United States v. Edmond,* 52 F.3d 1080, 1112 (D.C.Cir.1995) (noting that the court reviews denial of a motion to strike surplusage for abuse of discretion).

■ Finally, Fornah challenges the sufficiency of the evidence supporting his conviction, arguing that given the evidence presented at trial no reasonable juror could conclude beyond a reasonable doubt that Bisong failed to pay the DCRA filing fees. *See United States v. Morris,* 977 F.2d 617, 619 (D.C.Cir.1992) (noting that the court reviews a jury's judgment of conviction to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citations omitted)). At trial, a government investigator testified that, having searched cash register tapes at DCRA, DCRA payment vouchers (one of which would have been made for most customers registering corporations in person), deposit tickets for checks accompanying applications sent by mail, and records of all bank accounts Bisong was known to have, she found no evidence that Bisong ever paid the DCRA filing fees. This search was insufficient, Fornah tells us, because DCRA register tapes might not contain individual entries for checks that accompanied applications sent by mail or courier, because Bisong had the capacity to print fraudulent checks and might have used one, and because the government failed to determine whether Bisong had accounts at any of the forty-seven banks listed on a paper he once left on Fornah's desk at AIA. A reasonable juror, however, need not have attached weight to the possibility that Bisong had unknown accounts

 

or paid with a fraudulent check. Based on the lack of any record of payment in Bisong's accounts and the lack of a billing voucher, register entry, or deposit ticket—one of which almost certainly would have been created if Bisong had in fact paid—a reasonable juror could have found beyond a reasonable doubt that Fornah waived payment in exchange for the $1500 check.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.